```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 16 FEB 2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KRIS SERGENTAKIS,

                      Plaintiff,

    -against-

THE LEUKEMIA & LYMPHOMA SOCIETY,
INC.; JOHN EHLER WALTER, also known as,
JOHN WALTER, individually, personally and as
CEO of THE LEUKEMIA & LYMPHOMA
SOCIETY, INC.; SKADDEN, ARPS, SLATE,
MEAGHER AND FLOM LLP; and HOLLAND
AND KNIGHT LLP,

                      Defendants.

------------------------------------------------------------X

ORDER OF DISMISSAL

11 Civ. 0542 (PAC) (THK)

PAUL A. CROTTY, United States District Judge:

    Plaintiff, Kris Sergentakis ("Sergentakis"), brings this fee-paid *pro se* action under 42 U.S.C. § 1983 alleging violations of his rights under the First and Fourteenth Amendment to the United States Constitution. The Court dismisses the Complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court has the authority to dismiss *sua sponte* a fee-paid complaint. See Fitzgerald v. First East Seventh Street Tenants Corp, 221 F.3d 362, 364 (2d Cir. 2000) ("district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee") (citing 28 U.S.C. § 1915(e)(2)(B)(I)). While the Court has the authority to dismiss complaints *sua sponte*, district courts "remain obligated to construe *pro se* complaints liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

    A complaint, whether filed *pro se* or with counsel, must plead sufficient "facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To be plausible, the plaintiff's factual allegations must demonstrate "more than a sheer

possibility that a defendant has acted unlawfully," and that the plaintiff's claim is more than merely "conceivable." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 1951 (2009).

## BACKGROUND

Sergentakis alleges that in April of 2010, he launched a website named www.leukemiaScandal.com where he reported on the alleged corruption committed by Defendant John Walter ("Walter"), the CEO of Defendant Leukemia and Lymphoma Society ("LLS"). (Compl. ¶¶ 8, 11-12.) He claims that five months after this launch, the website was "attacked" "without warning" by "paralyzing" computer viruses. (Id. ¶ 13.) He contends that Defendants "planned a malicious and calculated attack on [his] Constitutional rights by improperly threatening" his internet service provider to disable www.leukemiaScandal.com and deny him access to the internet. (Id. ¶ 14.) He further alleges that "various law enforcement officials" "confronted and 'warned'" him to take down the site, with "threats of . . . arrest and incarceration." (Id. ¶ 20.)

Sergentakis claims that his website was eventually shut down due to an "improper complaint" filed by Defendants. (Id. ¶ 16.)

He alleges that Defendants Walter and LLS "used" the Defendant laws firms – Skadden, Arps, Slate, Meagher and Flom LLP and Holland and Knight LLP – as "hired guns" in a proceeding in this Court for the purpose of coercing judges "within and about the State of New York." (Id. ¶ 15.)

As a result of Defendants' alleged conduct, Sergentakis claims he has suffered violations of his rights under the First and Fourteenth Amendments to the United States Constitution. (Id. ¶ 21.)

## DISCUSSION

A. Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

2

only when a "federal question" is presented (Section 1331) or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 (Section 1332). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (quoting Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983)); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("subject-matter delineations must be policed by the courts on their own initiative").

B.  Constitutional Claims

Plaintiff invokes this Court's federal question jurisdiction, pursuant to 42 U.S.C. § 1983, based on alleged violations of his rights under the First and Fourteenth Amendments to the United States Constitution. He also invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over his state constitutional and statutory claims.

To bring a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was injured by "either a state actor or a private party acting under color of state law." Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002); see Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 229 (2d Cir. 2004).

> [S]tate action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor."

Cranley v. National Life Ins. Co. of Vermont, 318 F.3d 105, 111 (2d Cir. 2003).

For private activity to be deemed state action, there must be "a sufficiently close nexus between the State and the challenged action of the [private] entity so that the action of the latter

3

may be fairly treated as that of the State itself." Tancredi, 378 F.3d at 229 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)). "A challenged activity by a private entity may be deemed state action . . . when the private actor operates as a willful participant in joint activity with the State or its agents . . . ." Cranley, 318 F.3d at 112 (citation omitted).

A complaint that merely alleges that private actors acted in concert with government officials to violate plaintiff's constitutional rights does not satisfy the state action requirement; a "meeting of the minds or intent to conspire" between the private defendants and state actors is necessary. Dahlberg v. Becker, 748 F.2d 85, 93 (2d Cir. 1984); see also Ciambriello, 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.").

Sergentakis does allege any state involvement in his Complaint. His claims concern the private conduct of LLS, Walter and the law firms. The Complaint is therefore dismissed because these Defendants are private parties, and the Constitution does not reach private conduct.

Even if the Court were to construe the "law enforcement" claim as a claim showing the requisite state action, the claim is still insufficient because Sergentakis does not allege that Defendants participated in this conduct. In fact, Sergentakis does not refer to any conduct on the part of Defendants with respect to this claim. There is no suggestion that Defendants conspired with law enforcement or operated as willful participants in joint activity with a state official. Because this claim does not suggest any state action on the part of Defendants, and the Complaint only refers to private conduct, the Court does not have federal question jurisdiction over this claim either.

B. Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise its supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction[.]" § 1367(c)(3). Because the Court does not have original jurisdiction over any of the claims, it declines supplemental jurisdiction over any state constitutional or statutory claims.

4

See Martinez v. Simonetti, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state law claims where no federal claims remained).

## CONCLUSION

Plaintiff's Complaint reveals no basis for the exercise of subject matter jurisdiction over this suit and is therefore dismissed. See Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

PAUL A. CROTTY
United States District Judge

Dated: February 14, 2011
New York, New York

**Copies Mailed By Chambers**